## PAINE & *al. versus* MARR.

Against an occupant of land, whose possession has been of such a character, and continuance, as to entitle him to betterments, trespass *quare clausum* will not lie for acts done during such possession.

ON EXCEPTIONS from *Nisi Prius*, RICE J., presiding.

TRESPASS *quare clausum*, for cutting timber on lot No. 18. The defendant by brief statement pleaded title in himself; setting up no claim to betterments.

The plaintiff introduced sundry deeds to establish title in himself.  Evidence was introduced by the defendant tending to show that he, and those under whom he claims, had occupied a considerable part of the lot, and made improvements upon it.  Of the character and duration of that occupancy, there was conflicting testimony.  No evidence was offered as to the increased value of the land, arising from such improvements.  The Judge instructed the jury : —

1. As to the character and length of possession and improvement which confer upon the occupant of land a right to betterments.

2. That the action is unmaintainable if, when the suit was commenced, the defendant had acquired a right to betterments.

The verdict was for the defendant.

To the second instruction, the plaintiffs excepted.

*Gould*, for the plaintiffs.

The second instruction was erroneous. The testimony is not reported. The instruction therefore is to be considered as an *abstract proposition*, and if not true under *all circumstances*, the exceptions should be sustained.

. 1. Though the defendant may have been in possession, prior to the commencement of this suit, yet if the plaintiff had *re-entered* for the purpose of taking possession, and thus *purged* the disseizin, subsequent to the six years possession, and the defendant had cut upon the land after such *re-entry*, an action of trespass might be maintained therefor. Yet under such circumstances the defendant would be entitled to betterments by § 47, of c. 145, R. S. *Bull* v. *Clark*, 2 Metc. 587.

2. There was no evidence that the land was increased in value; and betterments can only be claimed where there is proof of *increased value.*

3. This was an action of *trespass.* No question about betterments was involved in it, and the instruction given was inapplicable, and calculated to mislead the jury.

*F. Allen*, for the defendant.

Hathaway, J. — The question presented by the exceptions, is, whether or not a tenant of land claiming title, and having a possession thereof, which gives him a lawful right to "*betterments*," according to our statutes, is liable as a trespasser *quare clausum* for acts, which had been done by him upon, and to the land, during the time of the possession (of it,) by which his right to betterments became matured.

It is very clear that the tenant is not a trespasser in such case. R. S. c. 145, § 23 and 47; *Chadbourne* v. *Straw & al.* 22 Maine, 450.          *Exceptions overruled, and judgment on the verdict.*

Shepley, C. J., and Wells and Howard, J. J., concurred.